IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

TAMMIE ANN BEARDSLEY,

                    Plaintiff,

          v.                                    Civil Action No.
                                                5:15-CV-1500 (DEP)

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,

                    Defendant.

_____

APPEARANCES:                          OF COUNSEL:

FOR PLAINTIFF

OLINSKY LAW GROUP                     HOWARD D. OLINSKY, ESQ.
300 S. State Street                   PAUL B. EAGLIN, ESQ.
Suite 420
Syracuse, NY 13202

FOR DEFENDANT

HON. RICHARD S. HARTUNIAN             JASON P. PECK, ESQ.
United States Attorney for the        Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER

          Currently pending before the court in this action, in which plaintiff

seeks judicial review of an adverse administrative determination by the Acting Commissioner, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on November 15, 2016, during a telephone conference held on the record. At the close of argument I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Acting Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

ORDERED, as follows:

1)      Plaintiff's motion for judgment on the pleadings is GRANTED.

2)      The Acting Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the

---

[1]      This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

Social Security Act, is VACATED.

3) The matter is hereby REMANDED to the Acting Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

4) The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Acting Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

_____
David E. Peebles
U.S. Magistrate Judge

Dated:     November 18, 2016
           Syracuse, NY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
TAMMIE ANN BEARDSLEY,

                              Plaintiff,

vs.                                  5:15-CV-1500

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,


                              Defendant.
-----------------------------------------------------x

                    *Decision* – November 15, 2016

         James Hanley Federal Building, Syracuse, New York

                    HONORABLE DAVID E. PEEBLES

           United States Magistrate-Judge, Presiding



             A P P E A R A N C E S (by telephone)

For Plaintiff:        OLINSKY LAW GROUP
                      Attorneys at Law
                      300 S. State Street
                      Syracuse, New York 13202
                        BY:  PAUL B. EAGLIN, ESQ.

For Defendant:        SOCIAL SECURITY ADMINISTRATION
                      Office of General Counsel
                      26 Federal Plaza
                      New York, New York 10278
                        BY:  JASON P. PECK, ESQ.




                    *Eileen McDonough, RPR, CRR*
               *Official United States Court Reporter*
                         *P.O. Box 7367*
                    *Syracuse, New York 13261*
                        *(315)234-8546*

1          THE COURT:  I have before me a request for judicial

2     review of a determination by the Acting Commissioner of

3     Social Security pursuant to 42 United States Code Section

4     405(g) and 1383(c).

5          The background is as follows.  The plaintiff was

6     born in May of 1969, is currently 47 years of age.  She lives

7     in an apartment with her fiance, if I'm reading my notes

8     correctly, and a six-year-old son in Syracuse.  She dropped

9     out of high school as a senior but did secure a GED.  She

10    also has a two-year degree from Onondaga Community College.

11         She worked 15 years as a waitress/bartender at a

12    restaurant in Ithaca.  She left that establishment in 2005

13    when the restaurant closed.  She also has worked as a

14    temporary employee at the Cornell University bookstore as a

15    bagger and a cashier.

16         She's 5-foot 4-inches tall and weighs 230 pounds

17    and has been diagnosed as obese.  She also has been diagnosed

18    as suffering from degenerative disc disease of the lumbar

19    spine, including at the L5-S1 level with notation that there

20    is stenosis and some nerve root impingement.  On January 26,

21    2012 she underwent a left decompressive hemilaminectomy and

22    microdiscectomy by Dr. Stephen Robinson at Syracuse

23    Orthopedics at the L5-S1 level.  Despite the surgery, her

24    pain has persisted, including in her back, hip and left foot.

25         She has treated at the New York Spine and Wellness

1    Center for pain and has undergone various treatment,

2    including some injections of blocks.  She also has consulted

3    with Dr. Hassan Shukri, a neurologist.  She has had two, in

4    2012, EMG nerve conductive studies, which did result in

5    abnormal findings, including multilevel denervation of the

6    left lower extremity.

7         She has also undergone Magnetic Resonance Imaging,

8    or MRI, testing, including in March 2013 which revealed a

9    disc protrusion.  She has treated from August 2013 until

10   October of 2013 with Samuel Rameas, a foot specialist.  She

11   has in addition to the nerve blocks been prescribed Cymbalta

12   and Oxycodone.  She also undergoes treatment at the

13   Baldwinsville Family Medical Care Facility from

14   September 2012 to April 2014 for various conditions.

15        In terms of daily activities, she cares for her

16   son, takes her son to school, drives, can dress, cook, can

17   clean, do laundry, shop and watch television.

18        Procedurally the history of the case is as follows.

19   In January of 2013 plaintiff applied for Supplemental

20   Security Income, or SSI, payments alleging a disability onset

21   date of March 23, 2011.  A hearing was conducted on May 22nd,

22   2014 by Administrative Law Judge John Ramos.  ALJ Ramos

23   issued a decision on September 2, 2014.  And that decision

24   became a final determination of the Agency on November 4,

25   2015 when the Social Security Appeals Council denied

1  plaintiff's request for review.

2          In his decision ALJ Ramos applied the familiar

3  five-step sequential test for determining disability.

4          He found at step one plaintiff had not engaged in

5  substantial gainful activity since her alleged onset date, or

6  since the date of her application, I should say, of

7  January 21 of 2013.

8          At step two he concluded that she suffered from

9  severe impairments, including degenerative disc disease of

10 the lumbosacral spine, depression and anxiety.

11         At step three he concluded that those conditions

12 were not either singly or in combination sufficient to meet

13 or medically equal any of the listed presumptively disabling

14 conditions, including listing 1.04 and 12.04/12.06.

15         After surveying the medical evidence, ALJ Ramos

16 concluded the plaintiff retains the residual functional

17 capacity, or RFC, to perform sedentary work, except she only

18 retains the ability to understand and follow simple

19 instructions and directions, perform simple tasks with

20 supervision and independently, maintain

21 attention/concentration for simple tasks, regularly attend to

22 a routine and maintain a schedule, relate to and interact

23 with others to the extent necessary to carry out simple

24 tasks, and handle reasonable levels of simple work-related

25 stress in that she can make decisions directly related to the

1 performance of simple work and handle usual work place

2 changes and interactions associated with simple work.

3 Applying that RFC finding after concluding that

4 plaintiff did not have any meaningful past relevant work, at

5 step five ALJ Ramos applied the medical vocational

6 guidelines, or the grids. Concluded that under grid rules

7 201.21 and 201.27 a finding of no disability would be

8 directed. He concluded that the non-exertional limitations,

9 including her mental limitations, or limitations imposed by

10 her mental conditions, I should say, had little or no effect

11 on the job base on which the grids were predicated and,

12 therefore, concluded that she is not disabled.

13 As you know, my task is limited. The scope of

14 review is deferential and requires me to determine whether;

15 A, proper legal principles were applied; and, B, the

16 determination is supported by substantial evidence.

17 Step two is a fairly de minimis step. It requires

18 a determination of whether an impairment is sufficiently

19 severe to limit the physical or mental ability of a claimant

20 to do basic work activities. Basic work activities is

21 defined in 20 CFR Section 416.921 to include walking and

22 standing, as well as sitting, lifting, pushing, pulling,

23 reaching, carrying or handling. In my view plaintiff's

24 well-documented foot condition and foot pain was sufficiently

25 severe to meet the minimal test under step two and should

1  have been included in the ALJ's recitation of severe

2  conditions.

3          And I don't find that that error is harmless

4  because, as the plaintiff has pointed out, even sedentary

5  work involves a certain amount of walking and standing, and

6  the failure to include the foot pain at step two deprives the

7  Court of making any kind of meaningful review of the

8  determination as to whether or not the standing and walking

9  requirements of sedentary work could be met by the plaintiff

10 given her foot condition.

11         I've reviewed the treating source argument based on

12 Dr. Robinson's statements.  I don't find any error there.

13 These statements speak only in succinct terms to disability,

14 which is a matter reserved to the Commissioner, and there is

15 no context provided.  After the surgery and certainly after

16 February 23, 2012 there are no similar notations.  So I do

17 not find any error in that regard.

18         With respect to the RFC, but for the foot pain and

19 pain which I'll get to in a moment, it could be argued, and

20 the Commissioner has in fact argued, that the RFC finding is

21 supported by Dr. Ganesh.  There is case law that suggests

22 that Dr. Ganesh's findings of moderate limitation of walking

23 and climbing and so forth is not inconsistent with light

24 work, and by definition, therefore, sedentary work.  I don't

25 find any error there.

1           I also don't find any error in not considering

2    obesity.  It's clear that ALJ Ramos was cognizant of

3    plaintiff's obesity but did not find anything in any of the

4    treating or consultative source's reports that would suggest

5    that the obesity further limited the plaintiff's ability to

6    perform work functions.

7           I do have a problem also with the credibility

8    determination of the Commissioner.  The ALJ did note the

9    correct two step process for determining credibility.  He

10   then at page 24 recited plaintiff's claims, and in two brief

11   paragraphs without any meaningful discussion discounted the

12   plaintiff's allegations concerning her symptoms.  In my view

13   those two paragraphs do not provide sufficient guidance to

14   allow for meaningful judicial review.

15          The step five determination, again it's clear that

16   plaintiff suffers from well-documented pain, back pain, hip

17   pain and predominantly foot pain.  She's received treatment

18   for it from various sources, including the New York Spine and

19   Wellness Center.  Pain, as you know, is a non-exertional

20   limitation that can erode the job base on which the grids are

21   predicated.

22          In my view, based on the combination of factors,

23   resort to the grids was not appropriate.  In any event,

24   because of the credibility issue and the step two issue, I

25   find that the Commissioner's determination is not supported

1  by substantial evidence.

2           I know the plaintiff seeks remand with a directed

3  finding of disability.  I do not find such persuasive

4  evidence of disability as to make a directed finding and a

5  remand for calculation of benefits only.  Instead, I will

6  grant judgment on the pleadings to the plaintiff, vacate the

7  Commissioner's determination, and remand the matter for

8  further consideration and a better explanation as to the

9  issues that I just addressed.

10          Thank you both for excellent presentations and I

11 hope you have a good day and a happy Thanksgiving.

12                  *              *              *

13

14

15

16

17

18

19

20

21

22

23

24

25

C E R T I F I C A T I O N


          I, EILEEN MCDONOUGH, RPR, CRR, Federal Official

Realtime Court Reporter, in and for the United States

District Court for the Northern District of New York,

do hereby certify that pursuant to Section 753, Title 28,

United States Code, that the foregoing is a true and correct

transcript of the stenographically reported proceedings held

in the above-entitled matter and that the transcript page

format is in conformance with the regulations of the

Judicial Conference of the United States.




          _____
                    EILEEN MCDONOUGH, RPR, CRR
                    Federal Official Court Reporter